UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20762-WILLIAMS/SIMONTON

**CONSENT CASE**

JAIME ALBERTO MURILLO, and others
similarly-situated,

        Plaintiff,

vs.

OCEAN DOORS AND WINDOWS, INC.,
A Florida Corporation, and YUXMIEL
MUJICA, individually,

        Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

      Plaintiff, Jaime Alberto Murillo, and Defendants Ocean Doors and Windows, Inc. and

Yuxmiel Mujica, by and through undersigned Counsel, file this Joint Motion for Approval of the

Parties' Settlement Agreement, and Dismissal with Prejudice and respectfully state as follows:

      1.     Plaintiff and Defendants have reached an amicable resolution in this matter. As the

agreement calls for confidentiality, a copy of said agreement has been emailed to chambers for

review and approval.

      2.     Plaintiff filed a complaint [D.E. 1] under the Fair Labor Standards Act (FLSA)

whereby Plaintiff alleged that he was not properly paid his overtime wages and is owed the time

and one half rate for each overtime hour worked.

      3.     Defendants contend that Plaintiff was initially engaged as an independent

contractor and was not owed overtime.  Defendants further contend that when Plaintiff became an

employee he never worked over 40 hours per week. Furthermore, to the extent that any overtime is owed, Defendants contend that any such overtime would be owed on a halftime basis, and not at the time and one half basis as alleged by Plaintiff.

4.      Based on the forgoing, Defendants contend that Plaintiff is more than being fully compensated for all overtime wages and liquidated damages owed as a result of any overtime worked by Plaintiff.

5.      As payment of the settlement funds will be due after Court approval, the parties request that as a condition for dismissal, the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

### Memorandum of Law

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.* at 1354.  If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation.  *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

In *Lynn's Food Stores, Inc.,* the employer attempted to circumvent the Department of Labor (DOL) findings as to the amount of back wages and liquidated damages owed to employees. After

failing to reach a settlement, the employer attempted to offer employees a total of $1,000 to be divided among them on a pro rata basis. Fourteen employees accepted their pro rata share even though the total amount of damages exceeded $10,000. *Lynn's Food Stores, Inc.* at 1352. In coaxing the employees to accept their pro rata share of $1,000, the employer "representative repeatedly insinuated that the employees were not really entitled to any back wages, much less the amounts calculated by the Department of Labor" and stated ""Honestly, most everyone returned the checks…"" and only the malcontents would accept wages under the FLSA. *Lynn's Food Stores, Inc.* at 1354.

The Eleventh Circuit went on to state that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores, Inc.* at 1354. Therefore, the Eleventh Circuit reasoned, that when a party is represented by counsel it is likely that there is a reasonable compromise and the agreement should be approved.

> Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc.,* 679 F.2d at 1354.

In the present case, Defendants contest Plaintiff's claim for the reasons outlined above. However, in order to avoid the uncertainties of litigation, Defendants made an economic business decision to amicably resolve this matter.

Therefore, based on Defendants' contestation, the amount of wages, if any, are in dispute. Therefore, "in order to promote the policy of encouraging settlement of litigation" the parties request that the Court approve the Parties settlement agreement.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiff in this settlement is a fair and reasonable settlement and should be approved by this Court. Had the case gone forward, it is possible that Plaintiff could have received far less, and therefore is receiving more pursuant to the settlement agreement. Furthermore, pursuant Fed. R. Civ. Proc. 41(a)(1)(ii) the parties have submitted a proposed text of the order approving settlement and dismissal with prejudice and agree each party shall bear its own costs and attorney's fees, except as otherwise stated in the Settlement Agreement.

As payment of the settlement funds will become due after Court approval, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement. The effectiveness of this stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the settlement agreement reached in this case. See *Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement and (2) dismissing this action with prejudice against Defendants, with the Court to maintain jurisdiction to enforce the terms of the settlement agreement.

Respectfully Submitted,

Dated: 7/12/16                                             Dated: 7/12/16

Daniel T. Feld, P.A.                           Allen Norton & Blue P.A.
Attorney for Plaintiff                          Attorney for Defendants
2847 Hollywood Blvd.                        121 Majorca Avenue, Suite 300
Hollywood, Florida 33020                  Coral Gables, FL 33134-4508
Tel: (305) 308-5619                            Tel: (305) 445-7801
Email: DanielFeld.Esq@gmail.com       Email: yflik@anblaw.com

By:  /s/ Daniel T. Feld_____       By:  /s/ York M. Flik_____
     Daniel T. Feld , Esq.                           York M. Flik, Esq.
     Florida Bar Number: 0037013               Florida Bar Number: 101109